UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 10480 RGS

SILAS CALHOUN and
EMILY CALHOUN, Individually and as
Parents and Next Friends of ESTELLA
CALHOUN,
    Plaintiffs

v.

UNITED STATES OF AMERICA and
ERIC C. DAUB, M.D. and
MARIANNE SUTTON, M.D.,
    Defendants

MAGISTRATE JUDGE Collings

CIVIL ACTION NO.

RECEIPT # 54428
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 3/10/04

## COMPLAINT

### PARTIES AND JURISDICTION

1. The plaintiffs, Silas Calhoun and Emily Calhoun, are the parents of minor plaintiff, Estella Calhoun ("Estella"). The Calhouns are residents of Wahiawa, Hawaii.

2. The defendant, Captain Eric C. Daub, M.D. ("Dr. Daub"), is a physician licensed to practice medicine within the Commonwealth of Massachusetts and at all relevant times was an active member of the United States Air Force who practiced medicine at Hanscom Air Force Base Medical Unit in Bedford, Massachusetts.

3. At all relevant times, Dr. Daub was an employee of the United States government ("the U.S.") and was working within the scope of his employment by the U.S.

4. The defendant, Marianne Sutton, M.D. ("Dr. Sutton"), is a physician licensed to practice medicine within the Commonwealth of Massachusetts and at all relevant times practiced medicine at Emerson Hospital in Concord, Massachusetts.

5.  On April 10, 2001, Emily Calhoun, mother and next friend of Estella Calhoun, served a Standard Form 95 Claim for Damages, Injury or Death upon Captain Bradford S. Hunt ("Captain Hunt") of the Department of the Air Force. A copy of the administrative claim is attached as Exhibit A.

6.  On April 12, 2001, Captain Hunt sent a letter to counsel for the Calhouns acknowledging receipt of the April 10, 2001 administrative claim. A copy of the letter is attached as Exhibit B.

7.  On January 8, 2002, Silas and Emily Calhoun served a Standard Form 95 Claim for Damages, Injury or Death upon Captain Bradford S. Hunt of the Department of the Air Force. A copy of the administrative claim is attached as Exhibit C.

8.  On January 10, 2002, Captain Hunt sent a letter to counsel for the Calhouns acknowledging receipt of the January 8, 2002 administrative claim. A copy of the letter is attached as Exhibit D.

9.  The plaintiffs' administrative claims were served on the Department of the Air Force within two years after the claims accrued.

10. The Department of the Air Force neither accepted nor served upon the Calhouns a written denial of the administrative claims, and since it has been more than six months since the administrative claims were served on the Department of the Air Force, pursuant to 28 U.S.C. §2675(a), the plaintiffs elect to consider the failure to act as a formal denial of their claims.

11. The plaintiffs have complied with all requirements for bringing suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq.

12. The negligent acts and omissions complained of herein occurred in Massachusetts.

13. This action is brought under the law of the Commonwealth of Massachusetts and the Federal Tort Claims Act.

14. The United States is liable to the plaintiffs as a private person would be under the laws of Massachusetts.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).

16. Venue is proper pursuant to 28 U.S.C. § 1402(b), because the wrongful acts and omissions complained of occurred in the District of Massachusetts.

## FACTS

17. Estella Calhoun was born on February 25, 2000 at Beth Israel Hospital in Boston, Massachusetts. At the time of her birth, Estella weighed 8 pounds 13 ounces. Estella was discharged on February 27, 2000 weighing 8 pounds 8 ounces.

18. On February 29, 2000, Emily Calhoun brought Estella to Dr. Daub and reported to him that Estella was developing jaundice and had not passed meconium and urine for three days. Estella's weight, with her diaper, clothing, and a blanket on, was 8 pounds 13 ounces. Dr. Daub ordered lab tests and instructed Emily Calhoun to return with Estella in two days.

19. On March 1, 2000, Estella returned to Dr. Daub's office and weighed, with her diaper and clothing on, 8 pounds 2 ounces. This weight was 11 ounces less than that on the previous day. Dr. Daub instructed Emily Calhoun to return with Estella in two days.

20. On March 3, 2000, Estella returned to see Dr. Daub and was weighed at 7 pounds 4 ounces. Emily Calhoun reported to Dr. Daub that Estella had not been eating, had no interest in suckling, and had a fever. Dr. Daub assessed that Estella was suffering from significant weight loss and was recovering from hyperbilirubinemia, and he arranged to admit Estella to Emerson Hospital.

21. On admission to Emerson Hospital later that day, Estella was weighed at 7 pounds ½ ounce without her diaper or clothing.

22. During her admission to Emerson Hospital, Estella was under the care of the defendant, Dr. Sutton. Dr. Sutton diagnosed Estella with hypernatremic dehydration. Estella was discharged from Emerson Hospital on March 6, 2000.

23. Estella was seen by Dr. Russell Coleman ("Dr. Coleman") at Hanscom Air Force Base on March 9, 2000. Dr. Coleman advised Emily Calhoun to monitor Estella's weight and to return in two weeks.

24. On March 9, 2000, Estella was brought emergently to Children's Hospital in Boston by her parents, where she was noted to have seizure activity and diagnosed with an intraventricular hemorrhage related to dehydration and hypernatremia.

25. A brain MRI performed at Children's Hospital on March 10, 2000 found extensive venus thrombosis involving the superior sagittal sinus, straight sinus, internal cerebral veins and right terminal vein. Hemorrhage was noted within the posterior horn of the right lateral ventrical as well as parenchymal hemorrhagic infarction within the right thalamus.

26. Estella suffers from, among other things, sensory integration disorder, headaches, disruptive behavior disorder, anxiety disorder and peer relational problems.

## COUNT I – MEDICAL NEGLIGENCE
(Eric Daub, M.D.)

27. The plaintiffs repeat and reallege the allegations in paragraphs 1 through 26 as if set forth in full herein.

28. The defendant, Dr. Daub, owed a duty to exercise reasonable care in evaluating and treating Estella Calhoun.

29. Dr. Daub breached his duty and was negligent by failing to appropriately and accurately examine and evaluate Estella, failing to properly monitor Estella, failing to timely diagnose Estella's dehydration and significant hyperbilirubinemia, failing to accurately ascertain Estella's weight, failing to accurately assess the gravity of Estella's weight loss, failing to properly treat Estella, and failing to take proper precautions to avoid injury to Estella.

30. As a direct and proximate cause of Dr. Daub's breach of duty and negligence, Estella Calhoun has suffered, and will continue to suffer, damage and harm, including but not limited to, the conditions described in paragraph 26, hypernatremic dehydration, seizures, intraventricular hemorrhage, intraparenchymal thalamic hemorrhage, sagital sinus thrombosis, and serious neurological injuries and developmental deficits.

31. As a direct and proximate cause of Dr. Daub's breach of duty and negligence, Silas and Emily Calhoun have suffered, and will continue to suffer, loss of consortium including the loss of society, companionship, love, comfort, solace, and moral support and affection of Estella Calhoun, the deprivation of the full enjoyment of the parent-child relationship, and they have incurred medical and other financial expenses related to the care and treatment of Estella.

WHEREFORE, the plaintiffs demand judgment against defendant Eric Daub, M.D. with interest and costs.

### COUNT II – MEDICAL NEGLIGENCE
(United States of America)

32. The plaintiffs repeat and reallege the allegations in paragraphs 1 through 31 as if set forth in full herein.

33. Eric C. Daub, M.D. was, at all relevant times, an employee of the United States acting within the scope of his employment as an active member of the United States Air Force.

34. The U.S., through its agents and employees, breached its duty and was negligent by failing to appropriately and accurately examine and evaluate Estella, failing to properly monitor Estella, failing to timely diagnose Estella's dehydration and significant hyperbilirubinemia, failing to accurately ascertain Estella's weight, failing to accurately assess the gravity of Estella's weight loss, failing to properly treat Estella, and failing to take proper precautions to avoid injury to Estella.

35. As a direct and proximate cause of the U.S.'s breach of duty and negligence, Estella Calhoun has suffered, and will continue to suffer, damage and harm, including but not limited to, the conditions described in paragraph 26, hypernatremic dehydration, seizures and intraventricular hemorrhage, intraparenchymal thalamic hemorrhage, sagital sinus thrombosis, and serious neurological injuries and developmental deficits.

36. As a direct and proximate cause of Dr. Daub's breach of duty and negligence, Silas and Emily Calhoun have suffered, and will continue to suffer, loss of consortium including the loss of society, companionship, love, comfort, solace, and moral

WHEREFORE, the plaintiffs demand judgment against defendant Eric Daub, M.D. with interest and costs.

### COUNT II – MEDICAL NEGLIGENCE
(United States of America)

32. The plaintiffs repeat and reallege the allegations in paragraphs 1 through 31 as if set forth in full herein.

33. Eric C. Daub, M.D. was, at all relevant times, an employee of the United States acting within the scope of his employment as an active member of the United States Air Force.

34. The U.S., through its agents and employees, breached its duty and was negligent by failing to appropriately and accurately examine and evaluate Estella, failing to properly monitor Estella, failing to timely diagnose Estella's dehydration and significant hyperbilirubinemia, failing to accurately ascertain Estella's weight, failing to accurately assess the gravity of Estella's weight loss, failing to properly treat Estella, and failing to take proper precautions to avoid injury to Estella.

35. As a direct and proximate cause of the U.S.'s breach of duty and negligence, Estella Calhoun has suffered, and will continue to suffer, damage and harm, including but not limited to, the conditions described in paragraph 26, hypernatremic dehydration, seizures and intraventricular hemorrhage, intraparenchymal thalamic hemorrhage, sagital sinus thrombosis, and serious neurological injuries and developmental deficits.

36. As a direct and proximate cause of Dr. Daub's breach of duty and negligence, Silas and Emily Calhoun have suffered, and will continue to suffer, loss of consortium including the loss of society, companionship, love, comfort, solace, and moral

support and affection of Estella Calhoun, the deprivation of the full enjoyment of the parent-child relationship, and they have incurred medical and other financial expenses related to the care and treatment of Estella.

WHEREFORE, the plaintiffs demand judgment against the United States of America with interest and costs.

### COUNT III – MEDICAL NEGLIGENCE
(Marianne Sutton, M.D.)

37. The plaintiffs repeat and reallege the allegations in paragraphs 1 through 36 as if set forth in full herein.

38. The defendant, Dr. Sutton, owed a duty to exercise reasonable care in evaluating and treating Estella Calhoun.

39. Dr. Sutton breached her duty and was negligent by failing to appropriately and accurately evaluate Estella, failing to properly monitor Estella, failing to properly treat Estella, and failing to take proper precautions to avoid injury to Estella.

40. As a direct and proximate cause of Dr. Sutton's breach of duty and negligence, Estella Calhoun has suffered, and will continue to suffer, damage and harm, including but not limited to, the conditions described in paragraph 26, hypernatremic dehydration, seizures, intraventricular hemorrhage, intraparenchymal thalamic hemorrhage, sagital sinus thrombosis, and serious neurological injuries and developmental deficits.

41. As a direct and proximate cause of Dr. Daub's breach of duty and negligence, Silas and Emily Calhoun have suffered, and will continue to suffer, loss of consortium including the loss of society, companionship, love, comfort, solace, and moral support and affection of Estella Calhoun, the deprivation of the full enjoyment of the

parent-child relationship, and they have incurred medical and other financial expenses related to the care and treatment of Estella.

WHEREFORE, the plaintiffs demand judgment against Marianne Sutton, M.D. with interest and costs.

        SILAS CALHOUN and EMILY CALHOUN, Individually
        and as Parents and Next Friends of ESTELLA CALHOUN,
        By their Attorneys,

*/s/ Anthony V. Agudelo*

Michael S. Appel, BBO No. 543898
Anthony V. Agudelo, BBO No. 642260
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

DATED:

339491