UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10480-RGS

| | |
|---|---|
| SILAS CALHOUN AND EMILY CALHOUN, INDIVIDUALLY, AND AS PARENTS AND NEXT FRIENDS OF ESTELLA CALHOUN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ERIC C. DAUB, M.D. AND MARIANNE SUTTON, M.D.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MOTION OF DEFENDANT, MARIANNE SUTTON, M.D.,
TO REFER MATTER TO MIDDLESEX SUPERIOR
COURT FOR A MEDICAL MALPRACTICE TRIBUNAL HEARING**

The defendant, Marianne Sutton, M.D. ("Dr. Sutton"), hereby requests that the Court refer the action as solely against Dr. Sutton to the Middlesex Superior Court for a medical malpractice tribunal on the action against her, pursuant to Mass. G. L. c. 231, §60B. In further support of her motion, Dr. Sutton states the following:

1. This is a medical malpractice action, which was filed with the Court on or about March 10, 2004. The plaintiff alleges, in part, that on or about March 3-6, 2000, Dr. Sutton was negligent in failing to appropriately and accurately evaluate, monitor, treat and take precautions in the care of Estella Calhoun.

2. Massachusetts General Laws c. 231, §60B, requires that "every action for malpractice, error or mistake against a provider of health care" be heard "within 15 days after

the defendant's answer has been filed" by a tribunal consisting of a single justice of the Superior Court, and a physician and an attorney licensed to practice in the Commonwealth of Massachusetts.

3. Plaintiff's claim against Dr. Sutton is an action for "malpractice error or mistake against a provider of health care". Therefore, the Court must refer the case to the Superior Court for a medical malpractice tribunal hearing. See <u>Feinstein v. Massachusetts General Hospital</u>, 643 F.2d 880 (1st Cir. 1981) (The Rules of Decision Act and the Erie Doctrine require a federal district court sitting in diversity to refer "an action for malpractice, error or mistake against a provider of health care" arising under Massachusetts statute to a medical malpractice tribunal).

4. Dr. Sutton's counsel has conferred with plaintiff's counsel, Anthony Agudelo, who assents to this motion as it pertains solely to defendant Dr. Sutton and no other defendants.

WHEREFORE, the defendant, Marianne Sutton, M.D., hereby requests that the Court allow her motion for the reasons stated above.

The Defendant,
**MARIANNE SUTTON, M.D.,**

By her attorneys,

*/s/ Holly L. Parks/*
Paul R. Greenberg, BBO#552176
Holly L. Parks, BBO#647273
**RINDLER • MORGAN, P.C.**
133 Portland Street, Suite 500
Boston, MA 02114-1728
(617) 973-0660

Dated: I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand or mail on 4/13/04

2

# RINDLER · MORGAN
### A PROFESSIONAL CORPORATION
133 Portland Street, Suite 500
Boston, Massachusetts 02114-1728
Phone: (617) 973-0660
Fax: (617) 973-0665
Fax: (617) 973-0526

Alan B. Rindler
Douglas A. Morgan* (RI)
Paul R. Greenberg
Nadine Nasser Donovan* (RI)
Joanne Gulliford Hoban
Joan F. Renehan
Kelly Martin Malone
Daniel M. Surprenant
Julie A. Marinilli
Holly L. Parks
Brooks A. Ames
* Also Admitted

Holly L. Parks
(617) 973-0660
hparks@rindlermorgan.com

April 13, 2004

Civil Clerk's Office
United States District Court
District of Massachusetts
1 Court House Way
Boston, MA 02110

Re:  Calhoun v. Sutton, et al.
     Civil Action No. 04-10480-RGS

Dear Sir/Madam:

Enclosed for filing and docketing please find the following in reference to the above matter:

(1)  MOTION OF DEFENDANT, MARIANNE SUTTON, M.D., TO REFER MATTER TO MIDDLESEX SUPERIOR COURT FOR A MEDICAL MALPRACTICE TRIBUNAL HEARING.

Thank you for your attention to this matter.

Very truly yours,

Paul Greenberg
Holly L. Parks

HLP/jg
Enclosure

cc:  Anthony V. Agudelo, Esquire (w/ encl.)