UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILAS CALHOUN and EMILY CALHOUN, Individually and as Parents and Next Friends of ESTELLA CALHOUN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and ERIC C. DAUB, M.D. and MARIANNE SUTTON, M.D.,<br><br>Defendants. | **Civil Action No. 04-10480-RGS** |

**ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW the United States of America, through undersigned counsel, as and for answer to the Complaint filed herein, shows as follows:

1. Defendant admits that Silas and Emily Calhoun are the parents of Estella Calhoun. Defendant lacks information sufficient to form a belief as to the truth of the allegation regarding Plaintiffs' residence, and therefore denies the same.

2. Defendant admits that Dr. Daub is a physician who was at all time relevant to this suit an active duty member of the Air Force practicing medicine at Hanscom Air Force Base in Bedford, Massachusetts. Defendant denies Dr. Daub is licensed in Massachusetts, and affirmatively alleges he is licensed by the State of Washington.

3. Defendant admits the allegations in paragraph 3 of the complaint.

4. This allegation is not directed at Defendant, United States, and therefore requires no response. To the extent a response is deemed required, Defendant denies the allegations contained within this paragraph.

5. Defendant admits that Plaintiff, Emily Calhoun, mother and next friend of Estella Calhoun sent in a Standard Form 95 dated 10 April 2001 which was received by the Hanscom AFB claims office on 11 April 2001, and admits that a copy of the claim is attached to the Complaint as Exhibit A.

6. Defendant admits the allegations in paragraph 6 of the complaint, and admits that a copy of the letter acknowledging receipt is attached to the Complaint as Exhibit B.

7. Defendant admits that Plaintiffs, Silas and Emily Calhoun, sent a Standard Form 95 dated 8 January 2002, which was acknowledged as received by the Hanscom AFB claims office on 10 January 2002, and admits that a copy of the claim is attached to the Complaint as Exhibit C.

8. Defendant admits the allegations in paragraph 8 of the complaint, and admits that a copy of the letter acknowledging receipt is attached to the Complaint as Exhibit D.

9. Defendant admits the allegations in paragraph 9 of the complaint.

10. Defendant admits that the claims were neither paid nor denied at the time this lawsuit was filed, and further admits that more than six months have passed since the administrative claims referenced in paragraphs 5-8 of the Complaint were filed. Defendant affirmatively alleges that the claims were denied on 19 March 2004, upon learning that the instant suit was filed.

11. Defendant admits that jurisdiction is invoked under the provisions of the Federal Tort Claims Act, however, whether such jurisdiction exists is a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained within this paragraph.

12. Defendant admits that the acts and alleged negligence complained of in the Complaint occurred in Massachusetts.

13. Defendant admits that jurisdiction is invoked under the provisions of the Federal Tort Claims Act, however, whether such jurisdiction exists is a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained within

        this paragraph.  Defendant denies there is any jurisdiction over Defendant, United States, under the law of the Commonwealth of Massachusetts.

14. The allegation contained in this paragraph amounts is a conclusion of law to which no response is required.  Defendant admits that under the Federal Tort Claims Act, the waiver of sovereign immunity is limited to those circumstances under which a private person would be liable to the Plaintiffs in accordance with the laws of Massachusetts.  28 USC 1346(b)(1).

15. Defendant admits that jurisdiction is invoked under the provisions of the Federal Tort Claims Act, however, whether such jurisdiction exists is a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained within this paragraph.

16. Defendant admits that the alleged wrongful acts and omissions complained of occurred in the District of Massachusetts, however, the question of whether venue is proper is not an averment of fact, it is a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained within this paragraph.

17. Defendant admits the allegations in paragraph 17 of the complaint.

18. Defendant admits that on February 29, 2000, Emily Calhoun brought Estella to Hanscom AFB where she was seen by Dr. Daub, and that her weight was recorded as 8 pounds 13 ounces, and that Dr. Daub ordered lab tests and instructed Emily Calhoun to return with Estella in two days.  Defendant denies the remaining allegations in this paragraph of the complaint.

19. Defendant admits that on March 1, 2000, Estella returned to Dr. Daub's office, and that her recorded weight was 8 pounds 2 ounces, which is 11 ounces less than the previous day, and that Dr. Daub instructed Emily Calhoun to return with Estella in two days for follow-up and to follow-up sooner if Estella worsened or didn't improve.  Defendant denies the remaining allegations contained in this paragraph.

20. Defendant admits that Estella returned on March 3, 2000, and that she was weighed at 7 pounds, 4 ounces, and that Emily Calhoun reported to Dr. Daub that Estella had not been eating, and had no interest in suckling. Defendant admits that Estella had a fever, and that Dr. Daub immediately had her transferred to Emerson Hospital for admission with a request to rule out sepsis and re-evaluate bilirubin. Defendant denies the remaining allegations contained in this paragraph.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21, and therefore denies those allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22, and therefore denies those allegations.

23. Defendant admits that Estella was seen by Dr. Coleman at Hanscom Air Force Base on March 9, 2000, and that Dr. Coleman advised Emily Calhoun to return for a follow-up in two weeks.

24. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24, and therefore denies those allegations.

25. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25, and therefore denies those allegations.

26. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25, and therefore denies those allegations.

27. This paragraph is not a factual averment requiring a response. To the extent a response is deemed required, Defendant repeats the responses to the allegations in paragraphs 1 through 26, and further denies all allegations not specifically admitted.

28. Defendant admits the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31. The unnumbered paragraph immediately following this paragraph is a prayer for relief, not a factual averment requiring a response. To the extent Plaintiffs demand interests and costs, such relief is restricted by the provisions of 28 USC 2674, and 31 USC 1304(b)(1).

32. This paragraph is not a factual averment requiring a response. To the extent a response is deemed required, Defendant repeats the responses to the allegations in paragraphs 1 through 31, and further denies all allegations not specifically admitted.

33. Defendant admits the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36. The unnumbered paragraph immediately following this paragraph is a prayer for relief, not a factual averment requiring a response. To the extent Plaintiffs demand interests and costs, such relief is restricted by the provisions of 28 USC 2674, and 31 USC 1304(b)(1).

37. The allegations in paragraphs 37-40 pertain to Defendant Marianne Sutton, not the United States, and therefore, do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained within this paragraph.

38. To the extent the Complaint intentionally names Dr. Daub instead of Dr. Sutton in this paragraph, Defendant denies the allegations contained in paragraph 41. Otherwise this allegation pertains to Defendant Marianne Sutton, not the United States, and therefore, does not require a response. To the extent a response is deemed required, Defendant denies the allegations contained within this paragraph.

To the extent an answer is required to any averment not specifically admitted above, said averment is hereby denied.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which the relief sought can be granted.

### SECOND AFFIRMATIVE DEFENSE

Recovery, if any, is limited to the amount of the administrative claim under 28 USC 2675(b), 28 USC §1346(b).

### THIRD AFFIRMATIVE DEFENSE

The Complaint seeks pre-judgment interest which is not recoverable under the FTCA. 28 U.S.C § 2674, and post judgment interest, which is limited by 31 U.S.C. § 1304(b).

### FOURTH AFFIRMATIVE DEFENSE

The Complaint seeks costs of suit which has no application in an action alleged under the Federal Tort Claims Act, 28 U.S.C § 1346(b), 2671-2680; 28 U.S.C § 1920.

### FIFTH AFFIRMATIVE DEFENSE

No acts or omissions by the United States, or any negligence on the part of the United States, were the proximate cause of any injury to the plaintiffs.  The United States did not act negligently or breach any duty of care to the plaintiffs.  Injury to the plaintiffs, if any, was caused by their own negligence.

### SIXTH AFFIRMATIVE DEFENSE

 In the event the United States is found to have been negligent which negligence is denied, the superseding and intervening negligence of Plaintiffs and third parties, for whom the United States should not be held liable, broke any causal connection between the United States' negligence and the Plaintiff's alleged injury, cutting off the legal effect of the defendant United States' negligence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, must be reduced in proportion to their contributory negligence.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by the plaintiff, to the extent allowed under federal and state common and statutory law.

                Respectfully submitted,

                UNITED STATES OF AMERICA

                MICHAEL J. SULLIVAN
                United States Attorney

By:   /s/ Anton P. Giedt
       Anton P. Giedt
       Assistant U.S. Attorney
       1 Courthouse Way
       Boston, MA 02210
       617-748-3309 (Voice)
       617-748-3971 (Fax)
       anton.giedt@usdoj.gov

---

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                          Boston, Massachusetts
                                                           DATE: August 13, 2004

   I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the Plaintiffs' other counsel of record electronically and by First Class Mail by placing said copy in the mail room of the U.S. Attorney's Office.

                                                            /s/ Anton P. Giedt
                                                           Anton P. GIedt
                                                           Assistant U.S. Attorney

| **PLAINTIFF COUNSEL:** | **DEFENDANT'S COUNSEL:** | **AGENCY COUNSEL:** |
|---|---|---|
| Michael S. Appel | Paul R. Greenberg | Eric Fried |
| Anthony V. Argudelo | Holly L. Parks | Claims Attorney |
| Sugarman, Rogers, Barshak & Cohen, P.C. | Rindler & Morgan, P.C. | U.S. S Department of the Air Force |
| 101 Merrimac Street | 133 Portland Street, Suite 500 | Air Force Legal Services Agency |
| Boston, MA 02110 | Boston, MA 02114 | 1501 Wilson Boulevard, Room 835 |
| 617-227-3030 (Voice) | 617-973-0660 (Voice) | Arlington, VA 22209-2403 |
| 617-523-4001 (Fax) | | 703-696-9020 (Voice) |
| appel@srbc.com | | |