UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10480-RGS

SILAS CALHOUN AND EMILY )
CALHOUN, INDIVIDUALLY, AND AS )
PARENTS AND NEXT FRIENDS OF )
ESTELLA CALHOUN, )
   )
  Plaintiffs, )
   )
v. )
   )
UNITED STATES OF AMERICA, )
ERIC C. DAUB, M.D. AND )
MARIANNE SUTTON, M.D., )
   )
  Defendants. )

## MOTION OF THE DEFENDANT, MARIANNE SUTTON, M.D., TO COMPEL THE DEPOSITIONS OF THE PLAINTIFFS IN MASSACHUSETTS

NOW COMES the defendant, Marianne Sutton, M.D. ("Dr. Sutton"), and hereby moves this Honorable Court for an order compelling the plaintiffs', Silas and Emily Calhoun, attendance in Massachusetts for their depositions.

### FACTS

This is a medical malpractice action wherein the plaintiffs allege, in part, that Dr. Sutton negligently discharged Estella Calhoun from Emerson Hospital, resulting in personal injuries. Dr. Sutton was the plaintiff's treating physician when the minor plaintiff was admitted to Emerson Hospital from March 3 through 6, 2000.

### PROCEDURAL POSTURE

The plaintiffs filed this action on March 10, 2004. Pursuant to Massachusetts law, Dr. Sutton requested transfer to the State Superior Court for a medical malpractice

tribunal hearing took place. Her motion was allowed and the tribunal found in favor of Dr. Sutton on June 23, 2004, and specifically found that the plaintiffs had not proffered sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry. (See Exhibit A attached hereto). Consequently, the plaintiffs posted a $6,000.00 bond to continue with the malpractice claim.

On November 24, 2004, plaintiffs' counsel initially requested that the plaintiffs' depositions be taken in Hawaii, where they currently reside. (See Exhibit B attached hereto). On December 16, 2004, in response to the November 24, 2004 letter, defense counsel notified plaintiffs' counsel that taking the plaintiffs' depositions in Hawaii would not be suitable because the plaintiffs chose to file suit in Massachusetts. Defense counsel suggested that the depositions occur the next time the plaintiffs were in Massachusetts visiting family. (See Exhibit C attached hereto). Plaintiffs counsel proposed video-conference depositions, to which defense counsel declined requesting that counsel first speak with the plaintiffs concerning travel plans to Massachusetts. (Exhibit D attached hereto).

On June 7, 2005, defense counsel then noticed the depositions of Silas and Emily Calhoun for July 12, 2005, in Boston, Massachusetts. (See Exhibit E attached hereto). In response, on June 10, 2005, plaintiffs' counsel wrote that his clients would not be able to attend the depositions in Boston citing inconvenience, cost and noting that the plaintiffs were living in Hawaii secondary to Silas Calhoun being stationed there. (See Exhibit F attached hereto). Dr. Sutton has now brought a motion to compel, seeking an order compelling the plaintiffs to attend their depositions in Massachusetts.

## ARGUMENT

Pursuant to Federal Rules of Civil Procedure 30, Dr. Sutton, as a party defendant, has the implied right to depose the plaintiffs in the district where suit is brought. Fed. R. Civ. P. 30(a)(1) and 30(b)(1). Plaintiffs chose to file suit in Massachusetts and were fully aware that their depositions would be taken – in Massachusetts. To subject Dr. Sutton to the cost of going to Hawaii to take the plaintiffs depositions is unfair and unreasonable.[1]

Additionally, Dr. Sutton should not bear the additional costs associated with taking the plaintiffs' depositions in Hawaii given that plaintiffs lost at the medical malpractice tribunal hearing. See Exhibit A. The plaintiffs failed to proffer sufficient evidence to satisfy the directed verdict standard applied at the hearing, where the majority of plaintiffs' prevail. The plaintiffs had to post a $6,000.00 bond for the case to proceed.

Plaintiffs' suggestion of a video conferencing deposition is not adequate and is not fair to Dr. Sutton. A deposition where the plaintiffs are present is superior to video deposition. Defense counsel should have be allowed to zealously defend Dr. Sutton by being able to observe, in person, a plaintiff's demeanor, behavior and affect. These qualities cannot be fully ascertained by video. Moreover, it is more difficult to ask a plaintiff questions by video about documents such as medical records and individual education plans, which are voluminous in this case.

Additionally, defense counsel would use the opportunity of the plaintiffs being in Boston to observe Estella Calhoun, the minor plaintiff. The plaintiffs' allegations and answers to interrogatories suggest that Estella's injuries involve behavioral issues. It will

---

[1] The defendant estimates the total cost of taking the depositions of the plaintiffs in Hawaii would be approximately $4,000.00 (including air, hotel, deposition time and travel time) as compared to approximately $750.00 if the depositions were held at defense counsel's office in Boston.

be difficult, if not impossible, to observe the minor plaintiff's alleged behavioral issues by video.

## CONCLUSION

WHEREFORE, the defendant, Dr. Sutton, respectfully requests that this Honorable Court issue the proposed attached orders compelling the plaintiffs, Silas and Emily Calhoun, present themselves for deposition in Massachusetts based upon the aforementioned reasons.

                                                    The Defendant,
**Marianne Sutton, M.D.**
By her attorneys,

_/s/ Paul R. Greenberg_
Paul R. Greenberg, BBO No. 552176
Holly L. Parks, BBO No. 647273
**RINDLER • MORGAN, P.C.**
133 Portland Street, Suite 500
Boston, Massachusetts 02114-1728
(617) 973-0660

DATED:

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand or mail on 8/5/05.

MIDDLESEX, ss.　　　**Commonwealth of Massachusetts**　　　SUPERIOR COURT

8/A

No. 04-1796

Silas Calhoun, et al , Plaintiff(s)

vs.

U.S. of America, et al , Defendant(s)

REPORT OF MEDICAL TRIBUNAL

As to: Marianne Sutton, M.D.

The Medical Tribunal appointed in the above case held a hearing on 6/23/04 and the Tribunal upon its consideration of the pleadings and the hospital records and other documents which were presented to the Tribunal, and the arguments of counsel, determine that upon evidence presented, if properly substantiated, there (is) ((is not)) sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry.

_____
Justice of the Superior Court

_____
Legal Member

John D. Crawford, M.D.
_____
Medical Member
by LKern

MIDDLESEX, ss.              **Commonwealth of Massachusetts**              SUPERIOR COURT

No. 04-1796

Silas Calhoun, et al, Plaintiff(s)

vs.

U.S. of America, et al, Defendant(s)

REPORT OF MEDICAL TRIBUNAL

As to: Eric C. Daub, M.D.

The Medical Tribunal appointed in the above case held a hearing on 6/23/04 and the Tribunal upon its consideration of the pleadings and the hospital records and other documents which were presented to the Tribunal, and the arguments of counsel, determine that upon evidence presented, if properly substantiated, there ~~(is)~~ (is not) sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry.

_____
Justice of the Superior Court

_____
Legal Member

_____
Medical Member



# SRBC

**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law



101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

MICHAEL S. APPEL
appel@srbc.com

November 24, 2004

Holly L. Parks, Esquire
Rindler Morgan, P.C.
133 Portland Street, Suite 500
Boston, MA 02114

Anton P. Giedt, Esquire
Assistant U.S. Attorney
United States Attorney's Office
Moakley U.S. Courthouse, Suite 920
1 Courthouse Way
Boston, MA 02210

Re:  *Silas Calhoun, et al. v. United States of America, et al.*
     United States District Court, Civil Action No. 04-10480-RGS

Dear Counsel:

I would like to take the depositions of your clients. Would you kindly provide me with some dates beginning on January 12 and through the month of February when they would be available.

In addition, I am assuming that at some point in this litigation you are going to want to take the depositions of Emily and Silas Calhoun and you may also want to meet Estella Calhoun. Silas is currently on active duty in Iraq and is scheduled to return home to Hawaii in early February. It would be very inconvenient for the Calhoun family (they also have an infant) to travel to Boston for their depositions. Therefore, I propose that the depositions take place in Hawaii, preferably during the month of March. Please confirm your concurrence with this proposal so that I can make the proper arrangements with the Calhouns and also so that we can make appropriate travel plans. Thank you.

Very truly yours,

Michael S. Appel

RECEIVED NOV 29 2004

MSA/ja

cc: Mr. & Mrs. Silas Calhoun

## RINDLER · MORGAN
A PROFESSIONAL CORPORATION

Alan B. Rindler
Douglas A. Morgan* (RI)
Paul R. Greenberg
Joanne Gulliford Hoban
Joan F. Renehan
Kelly Martin Malone
Julie A. Marinilli
Holly L. Parks
Brooks A. Ames
Soniya V. Schuneman
Gerald M. Coakley
* Also Admitted

133 Portland Street, Suite 500
Boston, Massachusetts 02114-1728
Phone: (617) 973-0660
Fax: (617) 973-0665
Fax: (617) 973-0526

Paul R. Greenberg
pgreenberg@rindlermorgan.com



December 16, 2004

Michael S. Appel, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114

Re:  Calhoun v. Sutton, et al.
     Civil Action No. 04-10480-RGS
     Our File No. 04120

Dear Mr. Appel:

I am in receipt of your letter dated November 24, 2004, regarding the scheduling of depositions. Dr. Sutton and I are available on the following dates for her deposition: March 2, 2005; March 4, 2005; March 9, 2005; March 11, 2005; and March 16, 2005.

With regard to your clients' depositions, I cannot agree to take them in Hawaii. While I appreciate that it would be inconvenient for them to travel to Boston, they chose to file suit here. I recall your telling me that your clients have family in the Boston area. I am willing to wait a little while to take their depositions when it is convenient for them to return. I would appreciate your letting me know when they will be available.

Thank you for your cooperation.

Very truly yours,

Paul R. Greenberg

HLP/as

cc:  Anton P. Giedt, Esquire

# RINDLER · MORGAN
A PROFESSIONAL CORPORATION

Alan B. Rindler
Douglas A. Morgan* (RI)
Paul R. Greenberg
Joanne Gulliford Hoban
Joan F. Renehan
Julie A. Marinilli
Holly L. Parks
Soniya V. Schuneman
Gerald M. Coakley
Jeanine E. Lederman

\* Also Admitted

133 Portland Street, Suite 500
Boston, Massachusetts 02114-1728
Phone: (617) 973-0660
Fax: (617) 973-0665
Fax: (617) 973-0526

Paul R. Greenberg
pgreenberg@rindlermorgan.com



April 12, 2005

Michael S. Appel, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114

Re:   Calhoun v. Sutton, et al.
      Civil Action No. 04-10480-RGS
      Our File No. 04120

Dear Mr. Appel:

Pursuant to our telephone conversation last Thursday, I am writing to confirm that Dr. Marianne Sutton's deposition has been rescheduled to May 25, 2005 at 10:00 a.m. at your office.

I understand that you will be contacting your clients to determine whether they will be returning to Massachusetts in the next few months so that I can take their depositions. If they are not planning to return, I know that that you have proposed video-conference depositions so that defense counsel do not have to travel to Hawaii. However, I do not want to commit to video-conference depositions until I hear back from you regarding your clients' willingness to be deposed in Massachusetts. As I mentioned in my letter to you last December, while I appreciate that it would be inconvenient for them to travel to Boston, they chose to file suit here. Therefore, I believe that I have the right to take their depositions in Massachusetts.

Thank you for your cooperation.

Very truly yours,

Paul Greenberg

Paul R. Greenberg

PRG/jg

cc:   Anton P. Giedt, Esquire

Alan B. Rindler
Douglas A. Morgan* (RI)
Paul R. Greenberg
Joanne Gulliford Hoban
Joan F. Renehan
Julie A. Marinilli
Holly L. Parks
Soniya V. Schuneman
Gerald M. Coakley
Jeanine E. Goodwin
Kerri M. Morey* (RI)
James L. Pappaioanou
* Also Admitted

**RINDLER · MORGAN**
A PROFESSIONAL CORPORATION

133 Portland Street, Suite 500
Boston, Massachusetts 02114-1728
Phone: (617) 973-0660
Fax: (617) 973-0665
Fax: (617) 973-0526

Holly L. Parks
hparks@rindlermorgan.com



June 7, 2005

Michael S. Appel, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114

Re:  Calhoun v. Sutton, et al.
     Civil Action No. 04-10480-RGS
     Our File No. 04120

Dear Mr. Appel:

Enclosed please find two original Notices of Taking Deposition of the Plaintiffs, Silas and Emily Calhoun on Tuesday, July 12, 2005 at 10:00 a.m. and 2:00 p.m. respectively at my office.

If you have any questions, please feel free to contact me.

Very truly yours,

Paul R. Greenberg
Holly L. Parks

HLP/ad
Enclosure
cc:  Anthony Giedt, Esquire
     Jean A. Leary, R.N., ProMutual File No. 38473

**CALENDARED**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10480-RGS

| | |
|---|---|
| SILAS CALHOUN AND EMILY CALHOUN, INDIVIDUALLY, AND AS PARENTS AND NEXT FRIENDS OF ESTELLA CALHOUN, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, ERIC C. DAUB, M.D. AND MARIANNE SUTTON, M.D., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## NOTICE OF TAKING DEPOSITION

TO:  Michael S. Appel, Esquire
     Sugarman, Rogers, Barshak & Cohen, P.C.
     101 Merrimac Street, 9th Floor
     Boston, MA 02114

Please take notice that at **10:00 a.m., on Tuesday, July 12, 2005,** at the offices of Holly L. Parks, Esquire, **RINDLER • MORGAN, P.C.**, 133 Portland Street, Suite 500, Boston, Massachusetts 02114, the Defendant in this action, by her attorneys, will take the deposition upon oral examination of the Plaintiff, **Silas Calhoun,** pursuant to the applicable provisions of the Massachusetts Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

>Respectfully submitted,
>The Defendant,
>**MARIANNE SUTTON, M.D.**
>By her attorneys,
>
>*/s/ Holly L. Parks*
>Paul R. Greenberg, BBO No. 552176
>Holly L. Parks, BBO No. 647273
>**RINDLER • MORGAN, P.C.**
>133 Portland Street, Suite 500
>Boston, Massachusetts 02114-1728
>(617) 973-0660

Dated:

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand or mail on 6/7/05

**CALENDARED**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10480-RGS

| | |
|---|---|
| SILAS CALHOUN AND EMILY CALHOUN, INDIVIDUALLY, AND AS PARENTS AND NEXT FRIENDS OF ESTELLA CALHOUN, )<br><br>Plaintiffs, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, ERIC C. DAUB, M.D. AND MARIANNE SUTTON, M.D., )<br><br>Defendants. ) | |

## NOTICE OF TAKING DEPOSITION

**TO:** Michael S. Appel, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114

Please take notice that at **2:00 p.m., on Tuesday, July 12, 2005,** at the offices of Holly L. Parks, Esquire, **RINDLER • MORGAN, P.C.**, 133 Portland Street, Suite 500, Boston, Massachusetts 02114, the Defendant in this action, by her attorneys, will take the deposition upon oral examination of the Plaintiff, **Emily Calhoun,** pursuant to the applicable provisions of the Massachusetts Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

                               Respectfully submitted,
                               The Defendant,
                               **MARIANNE SUTTON, M.D.**
                               By her attorneys,

                               */s/ Holly L. Parks*
                               Paul R. Greenberg, BBO No. 552176
                               Holly L. Parks, BBO No. 647273
                               **RINDLER • MORGAN, P.C.**
                               133 Portland Street, Suite 500
                               Boston, Massachusetts 02114-1728
                               (617) 973-0660

Dated:

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand or mail on 2/7/05



**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

JUN 1 3

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com



MICHAEL S. APPEL
appel@srbc.com

June 10, 2005

Paul R. Greenberg, Esquire
Rindler Morgan, P.C.
133 Portland Street, Suite 500
Boston, MA 02114

    Re:    *Silas Calhoun, et al. v. United States of America, et al.*
            United States District Court, Civil Action No. 04-10480-RGS

Dear Paul:

    I am in receipt of your recent deposition notice of my clients Silas and Emily Calhoun. Although the July 12th date appears to pose no scheduling conflicts, the Calhouns will not be able to appear at your office for this deposition. As I have indicated to you on several occasions, it is extremely inconvenient and quite expensive for the Calhouns to come to Massachusetts -- they must bring Estella who, as you know, has sensory integration disorder, and their 2½ year old child, Cy Henry, as well. Although, as you have repeatedly pointed out, the Calhouns filed this case in Massachusetts, this does not mean that they are required to come here for the deposition. Silas Calhoun is an active duty serviceman in the United States Air Force. The Calhouns did not voluntarily move to Hawaii -- their relocation there was on orders from Silas's superiors. Once stationed in Hawaii, Silas was ordered transferred for duty in war torn Iraq where he was stationed for over a year. Pursuant to Fed.R.Civ.P. 26(c), the Court may make any order which justice requires to protect a party or person from annoyance ... or undue burden or expense....

    I suggest that this deposition proceed by video-conference. That seems to me to be the most efficient and cost-effective to way to do it. If you prefer to question the Calhouns in person, all counsel can either go to Hawaii or your client can pay the air fares for the Calhoun family to come to Massachusetts. I hope that you will proceed with one of these options,

**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**

Paul R. Greenberg, Esquire
June 10, 2005
Page 2

preferably the video-conference. If not, and you insist on having them come to Massachusetts at their expense, I will be forced to move for a protective order and to seek costs.

Very truly yours,

Michael S. Appel

MSA/ja

cc: Anton P. Giedt, Esquire
Assistant U.S. Attorney
United States Attorney's Office
Moakley U.S. Courthouse, Suite 920
1 Courthouse Way
Boston, MA 02210

Mr. and Mrs. Silas Calhoun
311 Abbott Street, #101
Wahiawa, HI 96786

364199